IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANTIAGO GOYTIA,**

    Plaintiff,

vs.                                Civ. No. 99-544 JC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

**<u>MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION</u>**[1]

    1.    Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams</u>

---

[1]    Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections with the clerk of the district court to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.  Plaintiff filed for Disability Insurance Benefits on September 5, 1995, alleging that he had been disabled since August 1, 1994 due to back, neck, leg and hand problems and pain, depression, and high blood pressure.  Tr. 76 and 109.  Plaintiff had a hearing before an administrative law judge ("ALJ") on August 20, 1996.  Tr. 40.  On December 17, 1996, the ALJ issued a decision finding Plaintiff was not disabled.  Tr. 34.  The ALJ found that the Plaintiff could perform a full range of light work, and therefore is not disabled pursuant to Rule 202.21 of the grids.  Tr. 34.  Plaintiff requested the Appeals Council to review the decision and submitted additional evidence. The Appeals Council denied Plaintiff's request for review.  The decision of the ALJ is the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.   Plaintiff was forty four years old on December 26, 1996, the date of the ALJ's decision.  Tr. 32.   Plaintiff has the equivalent of a high school education.  Tr. 33.  His past relevant work was as an agricultural laborer.  Id.

**Issues**

4.  Plaintiff alleges that the ALJ made four errors. Specifically, Plaintiff claims that: (1) the ALJ's finding that

2

Plaintiff's depression is not severe is not supported by substantial evidence and is contrary to law; 2) the ALJ's application of the grids was contrary to the law and the evidence; 3) the credibility finding is not supported by substantial evidence and is contrary to law; and 4) the Appeals Council failed to include in the record and in its analysis the additional evidence submitted by the Plaintiff.

**The Standard of Review**

5. The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a *prima facie* showing of an

impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a

4

determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.  These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies.  20 C.F.R. §404.1566(d).  This aids the Commissioner in determining what specific job types exist in the national economy for the claimant.  To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity.  20 C.F.R. §§404.1545, 404.1563-.1565.  These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled.  20 C.F.R. §404.1569.  The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination.  Id.  In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations.  Id.  If the claimant's nonexertional limitations are

significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. The ALJ's finding that Plaintiff's depression is not severe is not supported by substantial evidence. At Step 2 of the sequential evaluation process the ALJ determines if any of Plaintiff's alleged impairments are severe. Social Security Ruling 85-28 makes it clear that the Step 2 inquiry is "designed to screen out only 'totally groundless claims.'" Andrades v. Secretary of Health and Human Services, 790 F.2d 168 (1st Cir. 1986)(citation omitted). An impairment is severe if it significantly limits the Plaintiff's physical or mental ability to do basic work activities. 20 C.F.R. Sec. 404.1521(a). The basic mental work activities including understanding, carrying out and remembering simple instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. Sec. 404.1521(b)(3)-

6

(6). Plaintiff's treating physicians opined that Plaintiff was depressed and prescribed anti-depressant medications. Tr. 28, 29, 259, and 315. A psychological evaluation was performed on the Plaintiff on May 30, 1995 by Gloria M. Chriss, Ph.D. She found "evidence suggesting a true depressive disorder." Tr. 259. Dr. Armando C. Angel, performed a pain evaluation On June 5, 1995. He found that the Plaintiff "should most likely be on anti-depressants." Tr. 169. On October 24, 1994, it was noted that Plaintiff had been on anti-depressants for his "reactive depression." Tr. 191. Dr. Edwin Kennedy, Plaintiff's treating physician wrote that Zoloft and Buspar seem to help the Plaintiff. Tr. 315. It is also important to note that the medical records demonstrate that Plaintiff's depression has been an on-going problem for years. Tr. 28, 29, 167, 259, 315, 319. The ALJ merely mentions some of this evidence. However, there is no analysis in the opinion to support a finding that Plaintiff's depression is not severe. Further, the ALJ does not explain why and on what basis he does not give appropriate weight to these physician's opinions. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984). This requires a remand.

11. It is also clear from the record that Plaintiff's depression and pain are closely related. The ALJ discussed Plaintiff's complaints of pain, however, his analysis is not complete. The ALJ did not specificically consider the three factors required in Luna v.Bowen, 834 F.2d 161, 163 (10th Cir.

7

1987). The ALJ did not determine whether there is objective medical evidence of a pain-producing impairment and whether there is a "loose nexus" between the objective evidence and the pain. This is error. <u>Glass v. Shalala</u>, 43 F.3d 1392, 1395 (10th Cir. 1994).

    12. A remand is appropriate so that the ALJ may consider the Plaintiff's mental impairment beyond Step 2 of the sequential evaluation process. Since this recommendation requires a remand at Step 2 the court does not need to address the other two issues argued by the Plaintiff. After a proper analysis the ALJ will determine whether to apply the grids. Further, on remand the ALJ should consider all the evidence in the record including the new evidence.

## Recommended Disposition

    For these reasons, I recommend that Plaintiff's Motion to Remand be granted for proceedings consistent with this analysis and recommended disposition.

                                              _____
                                              **Don J. Svet**
                                              **United States Magistrate Judge**